UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADRIENNE BUNDY,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLAR TREE,<br><br>    Defendant. | Case No. 2:24-CV-100-GSL-APR |

## OPINION AND ORDER

Adrienne Bundy, proceeding pro se, wishes to sue a convenience store in Munster, Indiana. [DE 1]. Because she is unable to pay the filing fee, she has moved for leave to proceed in forma pauperis. [DE 2]. She has also moved to amend her complaint. [DE 4]. For the following reasons, Plaintiff's complaint is dismissed with prejudice, her motion to proceed in forma pauperis is denied as moot, and her motion to amend is denied as moot.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] establishes that she is unable to prepay the filing fee.

However, before Plaintiff's case may proceed, the Court must examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B). In *Neitzke v. Williams*, the Supreme Court said that a complaint is

frivolous under § 1915(e)(2)(B)(i), formerly § 1915(d), when it lacks "an arguable basis either in law or in fact." 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it rests on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 326. For example, it is frivolous to assert a claim rooted in a nonexistent legal interest. *Id.* at 327. Bringing a set of claims to a court that is without the power to grant relief on those claims is another example.

Here, Plaintiff complains of injuries from using Chap-eze, a medicated lip balm she purchased at a Dollar Tree store in Munster, Indiana. [DE 1]. She asserts that after using the product before going to sleep one night, she awoke with painful blisters. [*Id.*]. After waking up and visiting an immediate care center, which turned her away, Plaintiff went to the Dollar Tree where she bought the Chap-eze. [*Id.*]. She claims that she was "traumatized by the Dollar Tree staff" and was "blown off by them" when they gave her a "phone number [to call] that didn't work." [*Id.*]. Based only on these facts, she asserts the following claims: (1) "physical anguish, which includes pain and suffering . . . and embarrassment," (2) "product liability," (3) "misrepresentation of false advertisement," (4) "breach of express warranty," (5) "negligence of not providing a warning of a defective product," and (6) "punitive damages." [*Id.*].

This Court follows the Supreme Court's direction that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even so, the maxim that federal courts are "courts of limited jurisdiction" applies to all litigants. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). One such limitation comes from the *Rooker-Feldman* doctrine, which says that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (citations omitted). Federal courts are

obligated to "inquire into the existence of [such] jurisdiction *sua sponte.*" *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

In bringing this action, Plaintiff used this Court's Civil Complaint form, which asks whether the litigant has sued anyone "for these exact claims" and "for this exact same event." [DE 1]. Plaintiff answered "yes" to both questions, and she attached an exhibit that included a state court case number and a "date of judgment." [DE 1]; [DE 1-1]. The judgment, of which this Court takes judicial notice, was the result of a trial on the merits where Plaintiff was fully heard.[1] *See Bundy v. Dollar Tree*, Case No. 45D12-2301-SC-000143 (Super. Ct. Lake Cnty. Ind. Oct. 31, 2023). In pertinent part, that order contains the following:

- "Plaintiff declared liability theories and requested damages based on product liability, misrepresentation of false advertising, breach of express warranty, negligence of not providing warning of a defective product[,] and punitive damages." *Id.*, at ¶ 6;

- "The facts alleged by Plaintiff clearly identify a dispute arising from the Plaintiff's purchase of a product called Chap-[e]ze on or about November 24, 2021, from the Dollar Tree [s]tore located at 7053 Calumet Avenue in Munster, Lake County, Indiana." *Id.*, at ¶ 12;

- "The Court finds that the Plaintiff has asked the Court to engage in conjecture, speculation[,] and assumption in producing a verdict in her favor." *Id.*, at ¶ 49; and

- "The Plaintiff's claim is **DENIED**." *Id.*, at ¶ 51.

The claims in ¶ 6 of the state court order are the exact same as those now before the Court. By filing claims in federal court that were already decided against her in state court, Plaintiff is, in essence, seeking review of the state court decision. Under *Rooker-Feldman*, this Court does not have the subject matter jurisdiction to hear such a case.

---

[1] Federal Rule of Evidence 201 allows the Court to take judicial notice, on its own, of a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Orders entered by a state court are public records that are appropriate subjects of judicial notice. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (citations omitted).

Therefore, Plaintiff's action is dismissed with prejudice under § 1915(e)(2)(B)(i) because without subject matter jurisdiction, Plaintiff's claims lack an arguable basis in the law before *this* Court, making the claims frivolous. Plaintiff's Motion to Amend, which seeks to change her claimed damages from $5,000.00 to $80,000.00, is denied as moot. The proposed amendment is futile as it would not cure this Court's inability to hear the case. In deciding on these grounds, the Court does not analyze whether res judicata or collateral estoppel apply, though they likely would. The Court also does not evaluate whether the factual allegations were sufficiently plead.

Accordingly, Plaintiff's Complaint [DE 1] is **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As a result, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] and her Motion to Amend the Complaint [DE 4] are both **DENIED AS MOOT**.

SO ORDERED.

ENTERED: November 19, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court